IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05CV232-03-MU

| | |
|---|---|
| HAROLD FOSTER, PHILLIP TURPEN, MICHAEL SIMMONS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| THEODIS BECK, WILLIAM JOBE, SANDRA PITTMAN, JACK LOWDER UTILIZATION REVIEW BOARD, | ) ) ) ) |
| Defendants. | ) ) ) |

**O R D E R**

**THIS MATTER** comes before the Court on initial review of Plaintiffs' Complaint under 42 U.S.C. § 1983, filed June 13, 2005. (Document No. 1.)

Plaintiffs sue Defendants in their individual and official capacities for deliberate indifference to their medical needs. Plaintiffs allege that Defendants were aware that they needed medical care including MRI's, surgeries, medication and rehabilitation for injuries to their discs and nerves and that Defendants were deliberately indifferent to these needs resulting in Plaintiffs suffering in pain for needless months and years.

Plaintiffs essentially allege that Theodis Beck, the Secretary of Prisons, is liable under a theory of supervisor liability or respondeat superior in that his staff failed to follow an expert medical opinion of a treatment plan, delayed in providing medical care for non medical reasons and failed to adequately treat the Plaintiffs for their back related injuries and failed to provide appropriate rehabilitation for their injuries. Additionally, Plaintiffs claim that Mr. Beck failed to ensure that his

1

nursing staff were adequately trained.

As to Defendant William Jobe, Institutional Administrator of Avery Mitchell Correctional Institution, Plaintiffs allege he was deliberately indifferent to their medical needs by denying them particular medical treatments or delaying for non medical reasons in providing those medical treatments. Plaintiffs complain that as a result of Mr. Jobe's deliberate indifference to their medical needs, they still have pain and suffering or damage. Further, Plaintiffs allege that Mr. Jobe has not staffed any nurse with the required class training as a phlebotomist to draw blood and is therefore endangering the health or prisoners in contracting HIV and other blood born related illnesses.

Plaintiffs allege that Sandra Pittman, as lead nurse, deliberately deprived Phillip Turpen of medical care when Nurse Shaon confiscated an "airbelt" from Plaintiff Turpen. This belt was part of an earlier prescribed treatment plan and the confiscation of which lead to disc problems which required surgery. Plaintiffs further allege that Ms. Pittman endangered the welfare of Plaintiff Harold Foster in ordering him to agree to a pain contract. Plaintiffs allege that Ms. Pittman violated their rights by charging them co-payments fees for "follow-up" treatment. Finally, Plaintiffs allege that Ms. Pittman neglected her duties in ordering self administered medications for Plaintiffs.

Plaintiffs allege that Jack Lowder, displayed deliberate indifference to their medical needs by directing profanity towards them and stating that they were faking their injuries.

Lastly, Plaintiffs allege that the Utilization Review Board was deliberately indifference to their medical needs and that they provided a higher degree of medical care to other prisoners suffering from similar injuries

# I. ANALYSIS

**1. Defendant Beck**

Plaintiffs allege that Theodis Beck, Secretary of Prisons, violated their constitutional rights because his staff failed to follow an expert medical opinion for his treatment plan, delayed in providing medical care for non medical reasons and failed to adequately treat the Plaintiffs for their back related injuries and failed to provide appropriate rehabilitation for their injuries. Additionally, Plaintiffs claim that Mr. Beck failed to ensure that his nursing staff were adequately trained.

There is no allegation in the Plaintiffs' compliant that Mr. Beck ever had any personal contact with any of the Plaintiffs; therefore there can be no individual liability as to Defendant Jobe. The claims against Mr. Beck therefore can only be construed as claims under a theory of supervisory liability. As an initial matter, the Court notes, that the doctrine of respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Additionally there is no allegation that Mr. Beck instituted any official policy that any other defendant was following which caused Plaintiffs alleged constitutional deprivations. Therefore, there is no basis upon which to attach supervisory liability to Mr. Beck. Fisher v. Washington Metro. Area Transit Auth., 690 F.2d 1133, 1142-43 (4th Cir. 1982).

The only theory upon which to attach supervisory liability to Mr. Beck then is if Mr. Beck acted with deliberate indifference to the acts of his subordinates. A higher official may be liable for acts of his subordinates if (1) the official is actually or constructively aware of pervasive, unreasonable risk of harm from a specified source, (2) the official is deliberately indifferent to that risk, and (3) there exists an affirmative causal link between the supervisors inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).

Here, there is no allegation that Mr. Beck had knowledge of any "pervasive, unreasonable risk of harm". The allegations in the complaint of deliberate indifference to Plaintiffs' medical needs simply do not establish that Mr. Beck knew of any unreasonable risk to Plaintiffs. Therefore, Plaintiffs have failed to state a claim against Mr. Beck.

**2. Defendant Jobe**

Plaintiffs allege that William Jobe, as institutional administrator of Avery Mitchell Correctional Institution is responsible for ensuring the welfare of every prisoner at Avery Mitchell. As such, Plaintiffs allege he was deliberately indifferent to their medical needs by denying them particular medical treatments or delaying for non medical reasons in providing those medical treatments. Plaintiffs complain that as a result of Mr. Jobe's deliberate indifference to their medical needs, they still have pain and suffering or damage. Further, Plaintiffs allege that Mr. Jobe has not staffed any nurse with the required class training as a phlebotomist to draw blood and is therefore endangering the health or prisoners in contracting HIV and other blood born related illnesses.

Like the claims against Defendant Beck, there is no allegation in the Plaintiffs' compliant that Mr. Jobe ever had any personal contact with any of the Plaintiffs; therefore, there can be no individual liability as to Defendant Jobe. The claims against Mr. Jobe therefore can only be construed as claims under a theory of supervisory liability. However, the claims articulated against Mr. Jobe do not rise to the level of supervisory liability as outlined in the section above. There is no allegation of any "pervasive, unreasonable risk of harm". The allegations in the complaint of deliberate indifference to Plaintiffs' medical needs simply do not establish that Mr. Jobe knew of any unreasonable risk to Plaintiffs. Therefore, Plaintiffs have failed to state a claim against Mr. Beck.

### 3. Defendant Pittman

Plaintiff Turpen alleges that Ms. Pittman, lead nurse for Avery Mitchell Correctional Institution, was deliberately indifferent to his medical needs in the confiscation of his airbelt by Nurse Shoan on or about March 28, 2002. Plaintiffs explained that this airbelt was part of an earlier prescribed treatment plan instituted by a physician from Piedmont Correctional Facility.

First, Nurse Shoan is not a defendant in this action, therefore the Court assumes Plaintiffs' theory of liability for this claim against Nurse Pittman, as the lead nurse at Avery Mitchell Correctional Institution, is that of supervisory liability. As has been previously stated, respondeat superior is generally inapplicable to § 1983 suits. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978). Plaintiff Turpen has not alleged that Nurse Shoan was acting pursuant to her supervisor's, presumably Nurse Pittman, policy when she confiscated Plaintiff's airbelt nor has he alleged any facts from which the Court can conclude that Nurse Pittman was aware of a "pervasive, unreasonable risk" from Nurse Sloan, that Nurse Pittman was deliberately indifferent to that risk and that there is a causal link between Nurse Pittman' inaction and the constitutional injury. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999). Therefore, the is no basis for liability against Nurse Pittman for this claim by Plaintiff Turpen.

Next, the Court notes that Plaintiff Turpen has not paid the filing fee for a civil case nor has he sought in forma pauperis status.[1] Therefore, claims specific to Plaintiff Turpen are not before this Court.

Plaintiff Foster claims that Nurse Pittman endangered his welfare by ordering him to agree to a pain contract on November 12, 2004. Medical staff requiring a plaintiff to submit to a pain

---

[1] The Court notes that only Plaintiff Harold Foster filed an in forma pauperis application.

contract, without more, does not rise to the level of deliberate indifference to medical care. The complaint does not even provide facts upon which this Court could say it was negligent of Nurse Pittman to require Plaintiff Foster to agree to a pain contract. However even if this Court were to assume that Nurse Pittman's action were negligent, negligence in diagnosis or treatment does not state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Nor is a claim stated by disagreements between inmate and physician, Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Plaintiff Foster has failed to state a claim for relief against Nurse Pittman for requiring him to submit to a pain contract.

Next, Plaintiffs allege that Nurse Pittman neglected her duties in ordering self administered medications for the Plaintiffs from July 1, 2004 to the current date. This claim also fails to state a claim for relief in that mere negligence is not enough to state a constitutional claim. Estelle v. Gamble, 429 U.S. 97 (1976).

Finally, Plaintiffs' claim that Nurse Pittman has violated their constitutional rights by charging them co-payment fees for follow up visits. The nature of Plaintiffs' complaint is that of deliberate indifference to their medical needs under the Eight Amendment. To be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need, or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Plaintiffs do not even articulate what their serious medical needs were. However, notwithstanding this omission, there is no allegation that Nurse Pittman refused to treat their medical needs unless and until she received this follow up fee. Therefore, this claim does not rise to the level of deliberate indifference to Plaintiffs' medical needs and does not state a claim for relief.

**4. Defendant Lowder**

Plaintiffs allege that Defendant Lowder used profanity towards them and said they were "faking their injuries." While Defendant Lowder's choice of words, if true, show a lack of judgment, the profanity and verbal "attack" do not rise to the level of a constitutional violation. Indeed, verbal abuse by guards, without more, states no claim. <u>Morrison v. Martin</u>, 755 F.Supp. 683, 687 (E.D.N.C.) <u>aff'd</u>, 917 F.2d 1302 (4th Cir. 1990). Further, as explained above, charging Plaintiff's for follow up visits in and of itself does not state a constitutional claim.

**5. Defendant Utilization Review Board**

Plaintiffs allege that the Utilization Review Board oversees final decisions and authorizations of needs and treatment of prisoners. In that capacity, the board violated the Plaintiffs' rights by delaying treatment of disc injuries and necessary rehabilitation which caused Plaintiffs to suffer arthritis and nerve damage. To be sure, a local governing body, such as counties, municipal corporations, and school boards are "persons" that can be sued directly under § 1983 when the alleged unconstitutional action executes governmental policy or custom. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 690-91 (1978). Generally, the capacity of a governmental body to be sued in federal court is governed by state law. Fed.R.Civ.P. 17(b); <u>Avery v. County of Burke</u>, 660 F.2d 111, 113-14 (4th Cir. 1981). However, even if the Court were to construe the Utilization Review Board to be such a local governing body as outlined in <u>Monell</u>, the Plaintiffs' complaint fails to point to any "policy or custom" which the board was acting under and therefore there can be no liability as to the board.

Furthermore, Plaintiffs allege that other prisoners, with similar injuries or symptoms, are receiving a higher degree of medical care. With respect to this claim, Plaintiffs have not included

any allegations in their complaint to substantiate this claim.

Plaintiffs' claims against the Utilization Review Board fail to state a claim.

## II. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' Complaint is Dismissed for failure to state a claim for relief.

**Signed: July 7, 2005**

*/s/ Graham C. Mullen*

Graham C. Mullen
Chief United States District Judge